[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The above-captioned matter comes to this Court upon the motion of Plaintiff Derrie Ann Fishman seeking to modify the visitation provisions contained in. a Final Judgment of Divorce entered in New Jersey on January 21, 1997 (the "New Jersey Judgment"). As contemplated by the said judgment, the Plaintiff and two minor children relocated to this state in March of 1997. It appears that the parties have experienced ongoing visitation problems since the entry of judgment.
On December 30, 1997, Plaintiff filed with this Court a certified copy of the New Jersey Judgment. On January 5, 1998, Plaintiff filed a motion seeking to modify the New Jersey Judgment because of ongoing visitation problems which she and the Defendant had allegedly been experiencing. The Defendant received notice of the pendency of the motion because he contacted the CT Page 3819 clerk's office to advise that illness would prevent his appearance when the matter appeared on short calendar on February 2, 1998. The matter was marked over to February 17, 1998, however the Defendant again contacted the clerk's office and advised that he would be unable to be present at that time as well. Finally, the matter was marked over to March 2, 1998 and, either on that date or shortly prior thereto, the Defendant contacted the clerk's office and advised that he would not be appearing at any time because the Court had no jurisdiction over the matter.
Although the Defendant has never filed a formal appearance in this matter, he has sent the Court documents in the nature of pleadings entitled "Certification" and "Notice of Cross-Motion" requesting, inter alia, orders (a) finding the State of Connecticut to be an inconvenient forum, (b) dismissing Plaintiff's motion for modification and (c) directing that the State of New Jersey retain jurisdiction of the matter. In the document entitled "Certification", the Defendant requests that the Court contact Judge Testa, the New Jersey Superior Court judge before whom this matter was most recently heard. As indicated above, the Defendant never appeared in this Court in connection with the above-mentioned "pleadings" and, therefore, the Court has heard no evidence with respect to the same. Acting pursuant to the Defendant's request and in accordance with the Uniform Child Custody Jurisdiction Act, Conn. Gen. Stats. § 46b-93 et seq., this Court has communicated with Judge Testa regarding this matter.
This Court's authority to modify a custody decree entered in another state is governed by Conn. Gen. Stats. § 46b-104 which provides, in pertinent part, as follows:
 (a) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction.
It is clear that the second prong of the statute (that this court have jurisdiction) is satisfied because, pursuant to Conn. Gen. Stats. § 46b-93 (a)(1), the State of Connecticut is the children's home state. As regards the first prong of the statute, CT Page 3820 this Court, subsequent to its communication with Judge Testa, received from him an order, dated March 4, 1998, declining jurisdiction of this matter. A copy of that order is attached hereto. Accordingly, the Court finds that, pursuant to Conn. Gen. Stats. § 46b-104, it has jurisdiction to modify the custody and visitation provisions contained in the New Jersey Judgment.
Accordingly, it is hereby ORDERED that a hearing be held on Plaintiff's motion for modification, dated January 5, 1998, at this Court to be held within and for the Judicial District of New London at Norwich, 1 Courthouse Square, Norwich, Connecticut 9:30 am. on April 13, 1998, and that Plaintiff give notice to the Defendant of the time and place of said hearing, by sending to the Defendant, by first-class mail, postage pre-paid and by certified mail, return receipt requested, a copy of this order on or before March 31, 1998.
A copy of this order is to be forwarded to Judge Testa to whom this Court expresses its appreciation for the thoughtful and cooperative dialogue which is envisioned by the Uniform Child Custody Jurisdiction Act.
Solomon, J.
 SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION, FAMILY PART COUNTY OF CUMBERLAND
DOCKET NO. FM-06-535-97
Derrie Ann Cordeiro _____________________________________ PLAINTIFF
 vs. ORDER OF DISPOSITION
Page 1 of 1
Scott A. Fishman _____________________________________ DEFENDANT
APPLICATION
( ) ORIGINAL (SUPPORT) ( ) CUSTODY BY __________________________ CT Page 3821
( ) INCREASE BY ______________ ( ) VISITATION BY _______________________
( ) REDUCTION BY _____________ ( ) OTHER administrative _______________________________
( ) Final Disposition __________________ Attorney For Plaintiff ( ) Continued __________________________ Attorney For Defendant ( ) Inactive ___________________________
ORDER OF THE COURT:
Having conferred with the State of Connecticut as to the issue of jurisdiction, and agreeing that the minor children have the most significant contacts with the State of Connecticut,
It is in the best interests of the children for jurisdiction to be conferred upon Connecticut. New Jersey declines same.
Accordingly, the motion pending before this court on 3/13/98 is hereby moot and is dismissed.
Assigned Court P.O.
This Order DATED: 3/4/98
 ______________________________________ Judge, S.C. Joseph P. Testa, JSC
White — ORIGINAL * Canary — PLAINTIFF * Pink — DEFENDANT Goldenrod — IVD-SUPPORT ENF.